IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY PEREZ, | Civil No. 3:25-cv-2134 |
| Plaintiff | (Judge Mariani) |
| v. | |
| LAUREL HARRY, *et al.*, | |
| Defendants | |

**MEMORANDUM**

Plaintiff Johnny Perez ("Perez"), an inmate confined at the State Correctional Institution, Camp-Hill, Pennsylvania ("SCI-Camp Hill"), initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The Court previously granted Perez leave to proceed *in forma pauperis*, performed its statutorily mandated screening of the original complaint, and dismissed the original complaint with leave to amend. (Docs. 10, 11). Perez then filed a proposed amended complaint. (Doc. 12). The amended complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the following reasons, the Court will dismiss Perez's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice and grant him leave to file a second amended complaint.

I.   **Legal Standard**

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 95,

197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1), (2). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. See 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 F. App'x 705, 706 (3d Cir. 2012) (*per curiam*); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations,...a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level."

2

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but...disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Perez proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. The Amended Complaint

In the amended complaint, Perez names the following Defendants: the Pennsylvania Department of Corrections, Secretary Laurel Harry, Superintendent Kendell, Deputy Superintendent Albert, Deputy Superintendent Jennifer McClelland, Major Kevin Bly, Major Ross Miller, Corrections Classification Program Manager ("CCPM") Lacosta Mussoline, CCPM Erin Miller, Lieutenant Mohn, Unit Manager Dodson, Counselor Roth, Captain Baptista, Lieutenant Smith, Captain Elwell, Lieutenant Eddon, Correctional Officer Allison, Correctional Officer Crankfield, and Sergeant Schell. (Doc. 12, at 1).

Perez alleges that on December 14, 2025, he was locked out of his cell and asked Officer Crankfield to open his cell door. (*Id.* at 3). He alleges that Officer Crankfield verbally harassed him, and that Sergeant Schell allowed Crankfield to "talk to him that way[.]" (*Id.*).

Perez next alleges that on December 22, 2025, "[a]fter 8 days with no shower or undergarments[,]" he "was taken to inventory his property" and realized that some of his property was missing. (*Id.*). He asserts that "Defendants negligently left [his] legal and personal property abandoned for days" and "negligently inflicted distress, suffering and mental pain." (*Id.* at 4).

On December 23, 2025, Perez alleges that "a bald head" threatened him in the Restricted Housing Unit ("RHU"). (*Id.* at 5).

Perez also challenges the conditions of confinement in the Restricted Housing Unit ("RHU"). (*Id.* at 4-5, 12-14).

He alleges that "[t]hese events are causing [him] so much mental anguish...making his stress level and anxiety uncontrol[l]able." (*Id.* at 3).

The remainder of Perez's complaint references the "Defendants" in general and does not set forth any specific allegations against the named Defendants. (*See* Doc. 12).

Perez sets forth various statistics and research articles regarding placement in the RHU, and he seeks to curtail isolation. (*Id.* at 5-12).

Perez asserts that Defendants violated a multitude of his rights, including a violation of his Eighth and Fourteenth Amendment rights, and a violation of the Americans with Disabilities Act and the Rehabilitation Act. (*Id.* at 6, 14-15).

Perez seeks monetary relief, as well as declaratory and injunctive relief. (*Id.* at 15-16).

## III. Discussion

### A. Claims Against Secretary Laurel Harry, Superintendent Kendell, Deputy Superintendent Albert, Deputy Superintendent Jennifer McClelland, Major Kevin Bly, Major Ross Miller, CCPM Lacosta Mussoline, CCPM Erin Miller, Lieutenant Mohn, Unit Manager Dodson, Counselor Roth, Captain Baptista, Lieutenant Smith, Captain Elwell, Lieutenant Eddon, and Correctional Officer Allison

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode*, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person

6

responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *Id.* at 1207.

Perez has named Secretary Laurel Harry, Superintendent Kendell, Deputy Superintendent Albert, Deputy Superintendent Jennifer McClelland, Major Kevin Bly, Major Ross Miller, CCPM Lacosta Mussoline, CCPM Erin Miller, Lieutenant Mohn, Unit Manager Dodson, Counselor Roth, Captain Baptista, Lieutenant Smith, Captain Elwell, Lieutenant Eddon, and Correctional Officer Allison, as Defendants (*see* Doc. 12, at 1), but he does not mention them anywhere in the body of his complaint. Perez is obligated to explain how each individual named as a Defendant was personally involved in the violation of his constitutional rights, whether due to the prison official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated Perez's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Because Perez fails to mention Secretary Laurel Harry, Superintendent Kendell, Deputy Superintendent Albert, Deputy Superintendent Jennifer McClelland, Major Kevin Bly, Major Ross Miller, CCPM Lacosta Mussoline, CCPM Erin Miller, Lieutenant Mohn, Unit Manager Dodson, Counselor Roth,

7

Captain Baptista, Lieutenant Smith, Captain Elwell, Lieutenant Eddon, and Correctional Officer Allison, in the body of his complaint, he has not stated a plausible basis for imposing liability against them and any claims against them will be dismissed without prejudice. *See Hudson v. City of McKeesport*, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

To the extent that Perez seeks to hold these individuals liable based on their supervisory roles, this claim also fails. It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Rode*, 845 F.2d at 1207. Thus, Perez's claims Secretary Laurel Harry, Superintendent Kendell, Deputy Superintendent Albert, Deputy Superintendent Jennifer McClelland, Major Kevin Bly, Major Ross Miller, CCPM Lacosta Mussoline, CCPM Erin Miller, Lieutenant Mohn, Unit Manager Dodson, Counselor Roth, Captain Baptista, Lieutenant Smith, Captain Elwell, Lieutenant Eddon, Correctional Officer Allison, based on a *respondeat superior* theory of liability are also subject to dismissal.

B.  <u>Claims against Correctional Officer Crankfield and Sergeant Schell</u>

Perez alleges that Correctional Officer Crankfield verbally harassed him, and that Sergeant Schell allowed Crankfield to "talk to him that way[.]" (Doc. 12, at 3). "It is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment." *Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2019). Therefore, a claim against Correctional Officer Crankfield based upon verbal harassment does not

violate the Eighth Amendment and must be dismissed. *See Washington v. Rozich*, 734 F. App'x 798, 801 (3d Cir. 2018) ("Verbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment.") (citations omitted).

## IV.  Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245. Leave to amend may be denied based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court finds that the pleading deficiencies of Perez's amended complaint are largely factual in nature and thus conceivably could be cured by a second amended pleading. Therefore, Perez will be granted one file opportunity to file a second amended complaint to attempt to cure the defects discussed above.[1]

---

[1] If Perez chooses to file a second amended complaint, it must be a complete document that does not rely on the initial complaint, or other papers filed in this case.

## V.     Conclusion

Consistent with the foregoing, the Court will dismiss the amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice. (Doc. 12). The Court will allow Perez a final opportunity to file a second amended complaint.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: February 19, 2026