**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHNNY PEREZ,                        :        Civil No. 3:25-cv-2134
                                     :
        Plaintiff                    :        (Judge Mariani)
                                     :
    v.                               :
                                     :
LAUREL HARRY, *et al.*,              :
                                     :
        Defendants                   :

**MEMORANDUM OPINION**

This is a *pro se* civil action, initiated upon the filing of a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff, Johnny Perez, alleged that Defendants—18 prison officials at the State Correction Institution, Camp, Hill ("SCI-Camp Hill")—violated a multitude of his rights, including violation of equal protection, violation of due process, conspiracy, cruel and unusual punishment, defamation, harassment, violation of the code of ethics, violation of the Public Official and Employee Ethics Act, violation of the State Adverse Interest Act, and violation of The Americans with Disabilities Act. (*Id.* at 2, 7).

On January 5, 2026, the Court conducted the required statutory screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Docs. 10, 11). Upon conducting this initial statutorily mandated screening, the Court entered a Memorandum and Order dismissing Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), but granted him leave to file an amended complaint.

(*Id.*).  In response, Plaintiff filed a proposed amended complaint against 19 prison officials at SCI-Camp Hill.  (Doc. 12).

On February 19, 2026, the Court again conducted the required statutory screening of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A.  (Docs. 13, 14).  Upon conducting this statutorily mandated screening, the Court entered a Memorandum and Order once again dismissing Plaintiff's amended complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  (*Id.*).  The Court granted Plaintiff one final opportunity to file a second amended complaint.  (*Id.*).  Plaintiff's second amended complaint was due on or before March 4, 2026.  (Doc. 14).  The time for filing a second amended complaint has passed, and Plaintiff has failed to file a second amended complaint.  Nor has he requested an extension of time to do so.

Plaintiff's failure to file a second amended complaint in accordance with this Court's Order "makes adjudication of the case impossible." *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007) (nonprecedential); *see also Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (nonprecedential) (upholding the dismissal of a *pro se* plaintiff's complaint with prejudice for failure to amend his complaint).  Further, a balance of the six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) dictates dismissal of the action.  The six factors are as follows:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party...was willful or in bad faith; (5) the effectiveness of sanctions other than

2

dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted). "[N]ot all of the *Poulis* factors need be satisfied…to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (citation omitted).

First, there is no doubt that Plaintiff, as a *pro se* litigant, has the ultimate and sole responsibility to prosecute his claims and to comply with Court Orders. Second, Plaintiff's failure to communicate with the Court and to comply with a Court Order frustrates any progressive forward movement. This failure to communicate clearly prejudices the Defendants' ability to achieve a timely resolution of the case. Third, Plaintiff has established a history of dilatoriness through his failure to comply with a Court Order. As to the fourth factor, "[w]illfulness involves intentional or self-serving behavior." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994). Plaintiff bears responsibility for the dilatory behavior as he is solely responsible for the lack of communication with the Court and the failure to file an amended pleading, as ordered. Fifth, the effectiveness of alternative sanctions weighs in favor of dismissal, as no viable alternative to dismissal exists given the absence of an operative pleading in this matter. And, finally, the meritoriousness of Plaintiff's claims weighs towards dismissal, as the complaint and amended complaint were subject to initial screening and were dismissed by

the Court.  (Docs. 10, 11, 13, 14).  Thus, following a full analysis of the *Poulis* factors, the scale tips heavily in favor of dismissal of this action.

Accordingly, the Court will dismiss the above-captioned action and direct the Clerk of Court to close the action.  A separate Order follows.

Robert D. Mariani
United States District Judge

4